# Littler

Littler Mendelson, PC
900 Third Avenue
New York, NY  10022.3298

Eric D. Witkin
212.497.8487 direct
212.583.9600 main
646.417.7546 fax

November 4, 2020

**APPLICATION GRANTED
SO ORDERED** [signature]
**VERNON S. BRODERICK
U.S.D.J.** 11/5/2020

The parties are directed to submit a joint letter propsing a breifing schedule for Defendant's anticipated motion to dimiss and to stay the action pending arbitration on or before November 16, 2020.  The Clerk's Office is directed to mail a copy of this endorsement to the Pro Se Plaintiff.

**VIA ECF**
Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Beatrice Ivy v. MTA Metro-North Commuter Railroad*
             Case No. 20 CV 1309 (VSB)

Dear Judge Broderick:

      Our law firm represents Defendant Metro-North Commuter Railroad ("Metro-North") in the above-referenced action. Pursuant to Section I(G) of Your Honor's Individual Rules & Practices, we write to request an adjournment of the deadline to file a joint letter and proposed case management plan and scheduling order per Your Honor's October 19, 2020 Order (ECF No. 16), because Metro-North plans to move to dismiss and to stay pending arbitration. Plaintiff Beatrice Ivy has consented to this adjournment request.

      Plaintiff's Metro North employment ended on July 6, 2018 after she called her Hispanic co-worker a "Spanish bitch". The termination followed a two-day disciplinary hearing in which Plaintiff was represented by her union and had the opportunity to present evidence. After her appeal was denied by Defendant's Labor Relations office, her union filed for arbitration of her discipline pursuant to the terms of its collective bargaining agreement with Defendant.

      On June 21, 2019, Plaintiff, through her counsel, filed a Complaint with the New York State Division of Human Rights ("Division") alleging violations of the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL") and Title VII of the Civil Rights Act of 1964 ("Title VII"). On December 12, 2019, the Division issued a detailed Determination and Order after Investigation ("Determination") dismissing Plaintiff's Complaint based on its finding that there was no probable cause to support Plaintiff's claims of race discrimination, retaliation and harassment (a copy of the Determination is attached to Plaintiff's Complaint herein). The Determination stated that Plaintiff had 60 days in which to appeal the decision to the New York State Supreme Court. Plaintiff did not appeal the Determination.

      On February 13, 2020, Plaintiff, *pro se*, filed the Complaint herein against Metro North and the Division's General Counsel claiming violations of Title VII, Section 1981 and the NYSHRL, based on the same facts and claims alleged in her Division Complaint. Plaintiff's NYSHRL claims are barred by the election of remedies statute, HRL Section 297(9), so this Court lacks jurisdiction of Plaintiff's NYSHRL claims. *Rochester v. Fortune Soc'y*, No. 16 Civ. 9423

Hon. Vernon S. Broderick
November 4, 2020
Page 2

(PGG), 2018 U.S. Dist. LEXIS 152239, at *8-*9 (S.D.N.Y. Sept. 4, 2018) (election of remedies bars a federal action when the complainant has already filed and litigated a claim with either the NYSDHR or NYCCHR). "This bar applies in federal as well as state court . . . [and it] is jurisdictional, such that claims dismissed pursuant to it must be dismissed under Fed. R. Civ. P. 12(b)(1) . . . ." *Higgins v. NYP Holdings. Inc.*, 836 F. Supp. 2d 182, 187 (S.D.N.Y. 2011) (internal citations omitted); *Moodie v. Fed. Res. Bank*, 58 F.3d 879, 884 (2d Cir. 1995) (a state law depriving its courts of jurisdiction over a state law claim also divests a federal court of jurisdiction to decide the claim). Metro-North thus plans to move to dismiss Plaintiff's NYSHRL claims.

Plaintiff's federal claims should be stayed pending the outcome of the aforementioned arbitration of Plaintiff's union grievance, which involves the same issues as Plaintiff's federal Complaint asserting that she was wrongfully terminated. Courts in this Circuit have stayed federal claims brought against transit systems when an arbitration over the same issues is pending with a labor relations/railroad adjustment board. *See Necci v. Long Island Railroad Company,* No. 16-CV-3250(JS)(ARL) (E.D.N.Y. Mar. 21, 2019) (ECF No. 19) (staying federal case pending outcome of two arbitrations plaintiff initiated through her union with the National Railroad Adjustment Board).

Defendant respectfully requests that the Court adjourn the deadline for the parties to file a joint letter and proposed case management plan and scheduling order until after the resolution of Metro-North's motion to dismiss and to stay. We thank the Court for considering this request.

Respectfully,

*Eric D. Witkin*

Eric D. Witkin

EDW/rg

cc:   Beatrice Ivy,
      *Plaintiff, pro se* (via e-mail and mail to pro se office)