UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X
                                           :
BEATRICE S. IVY,                           :
                                           :          20cv1309 (DLC)
                       Plaintiff,          :
                                           :          ORDER
          -v-                              :
                                           :
MTA METRO-NORTH COMMUTER RAILROAD,         :
                                           :
                       Defendant.          :
                                           :
------------------------------------------ X

DENISE COTE, District Judge:

     Beatrice Ivy, proceeding pro se, alleges that the

defendant, her former employer, terminated her employment on the

basis of her race in violation of Title VII of the Civil Rights

Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the

New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296

et seq.  She also claims that she suffered retaliation and

harassment.

     Her complaint refers to a hearing at which the termination

decision was reached, as well as a complaint she filed with the

New York State Division of Human Rights ("NYSDHR").  On December

12, 2019, the NYSDHR issued a decision dismissing her NYSHRL

claim.  Ivy attached the notice of the December 12, 2019 NYSDHR

decision to her complaint.  That notice advised her that she had

60 days to appeal the NYSDHR decision to New York Supreme Court.

Ivy did not appeal the NYSDHR decision and instead initiated this action on February 13, 2020.

The defendant moved to dismiss this case on April 15, 2021, reasoning that this Court lacks subject matter jurisdiction to hear Ivy's state law claims due to an election of remedies provision in New York's Human Rights Law and that she fails to state a claim for employment discrimination under either state or federal law.  The defendant also contended that, in the alternative to dismissal, the case should be stayed pending an arbitration hearing in which Ivy's union will dispute her discharge, to be conducted pursuant to the collective bargaining agreement between Ivy's union and her employer.

Pursuant to an Order of April 19, 2021, Ivy was required to either amend her complaint by May 6, 2021 or file an opposition to the defendant's motion to dismiss by May 17, 2021.  Ivy elected not to amend and filed her opposition to the defendant's motion to dismiss or stay on May 7, 2021.  In her filing in opposition, Ivy did not address any of the defendant's factual or legal arguments, asserting only that the defendant failed at the termination hearing to consider a certain witness statement before terminating her employment.  Accordingly, it is hereby

ORDERED that the defendant's motion to dismiss Ivy's NYSHRL claim is granted.  Ivy chose to pursue her NYSHRL claim via an

2

administrative complaint to the NYSDHR.  The election of
remedies provision of the NYSHRL, N.Y. Exec. Law. § 297(9),
therefore bars her from bringing her NYSHRL claim in this Court.
Rosario v. New York City Dept. of Educ., No. 10cv6160 (DLC),
2011 WL 1465763, at *1-2 (S.D.N.Y. Apr. 15, 2011).

IT IS FURTHER ORDERED that the defendant's motion to
dismiss Ivy's Title VII claim is stayed pending resolution of
the related arbitration.  The defendant shall file a status
letter by **March 28, 2022.**

IT IS FURTHER ORDERED that the Clerk of Court shall mail a
copy of this Order to Ivy and note mailing on the docket.

SO ORDERED:

Dated:    New York, New York
          September 28, 2021

_____
DENISE COTE
United States District Judge